## GENERAL COURT, MAY TERM, 1803.

TOLLEY's Lessee *vs.* FORD.

MAY 1803.

Tolley
vs.
Ford.

EJECTMENT for a tract of land called *The Case is Altered,* lying in Baltimore county. Defence on warrant, and plots returned.

The plaintiff claimed title to the land in the declaration mentioned under a grant to *Walter Tolley,* dated the 6th of October 1782; and the defendant claimed the same land as included in a resurvey on a tract of land called *Spanish Oak Bottom,* granted to *Stephen Onion* on the 27th of May 1745. The question was as to the true location of *Spanish Oak Bottom.*

1. The defendant at the trial, offered in evidence to the jury a paper purporting to be an original commission issued on the 10th of June 1782, out of Baltimore county court, under the act of 1723, ch. 8, to *Robert Long, Isaac Griest* and *James Baker,* the commissioners therein named, to perpetuate the bounds of the tract of land called *Spanish Oak Bottom.* By the return to the commission it did not appear that the commissioners had been sworn in the manner directed by the commission. The defendant offered in evidence by *James Baker,* one of the commissioners named in the said commission, that he was sworn in the manner as is certified by the endorsement on the commission, and that *Long, Griest* and himself, the three persons named in the said commission, being together, a certain *Richard Woolin,* now deceased, upon an oath by the said *Long, Griest* and *Baker,* to him administered, under the authority or pretence of authority of the said commission, gave the evidence contained in the paper now produced, purporting to be a deposition of the said *Woolin;* which evidence and information they the said *Long, Griest* and *Baker,* then caused to be reduced to writing in the presence of the said *Woolin,* and which said paper contains a true and just account of the whole information and evidence of the said *Woolin* respecting the boundary therein mentioned, and which the said *Woolin* then signed in the

Where the commissioners appointed to perpetuate the bounds of lands have not been sworn agreeably to law, the deposition of a witness taken by them cannot be read in evidence. The declarations of a person who deposition was taken under a commission to perpetuate the bounds of lands, defectively executed, may be given in evidence in an action of ejectment by the person who took the deposition as a commissioner, though not legally empowered to administer an oath, and he may turn to the deposition to refresh his memory; but such declarations are not to be received as made on oath. The declarations and shewings of the patentee of a tract of land, as to the beginning, as located by the party claiming under him, are not legal evidence for the purpose of impeaching the credibility of testimony proving the patentee had at a different time made different declarations and shewed a different place, &c.

presence of the said *Long, Griest* and *Baker,* who have thereto signed their names respectively. And the defendant offered to read the contents of the said paper in evidence to the jury. To the reading of which said paper the plaintiff objected.

CHASE, Ch. J. *(a).* The court are of opinion, that the paper purporting to be the deposition of *Richard Woolin,* cannot be read in evidence to the jury. The court think, that *James Baker* (one of the commissioners and the witness produced,) was not authorised to administer the oath to *Woolin.* The declarations of a person who is dead, whose deposition was taken under a commission defectively executed, may be given in evidence by the person who took his evidence as a commissioner, though not legally empowered to administer an oath, and he may turn to the deposition to refresh his memory; but such declarations are not to be received as made on oath.

The case of *Weems vs. Disney, (4 Harr. & M'Hen.* 136,) was different from the present case. There the commissioners were legally qualified, and they had authority to take the deposition, and the witness, (one of the commissioners,) swore that the deposition was taken before him. The defect in the execution of the commission was for want of shewing how the commissioners had given the notice.

The defendant excepted.

The declarations
and shewings of
the patentee of a
tract of land, as
to the beginning,
as located by the
party claiming un-
der him, are not
legal evidence for
the purpose of im-
peaching the cre-
dibility of testimo-
ny proving the
patentee had at
a different time
made different de-
clarations and
shewed a different
place, &c.

2. The plaintiff gave in evidence to the jury, that a certain *John Bond,* now deceased, had heretofore in his lifetime shewn the place marked on the plots black K, as the place where stood the beginning tree of the tract of land called *Spanish Oak Bottom,* as located by the plaintiff, the said *John Bond* declaring at the time when he shewed the said place, that he derived his knowledge thereof from a certain *Stephen Onion,* deceased, the patentee of the said land, who had shewed the said place of beginning to the said *John Bond* as the place where stood the said beginning,

*(a) Done* and *Sprigg,* J. concurred.

under which said *Stephen Onion*, it was admitted, the defendant by mesne conveyances directly claimed title to the said land. The defendant gave in evidence that the said *John Bond*, at the time of his shewing the said beginning of *Spanish Oak Bottom*, was a person advanced in years; that his mind and memory were impaired by age and calamity; that he had been afflicted with temporary derangements in his understanding; that he was liable to be influenced by the suggestions of others, and that his recollection of transactions some time past was not to be relied on; and for the purpose of further impeaching the credibility of the said *John Bond's* testimony, the defendant also offered in evidence that the said *Stephen Onion* had claimed and exercised ownership over the said tract of land called *Spanish Oak Bottom*, as located by the defendants, and that the said *Onion* had frequently, at other times than that mentioned by the said *John Bond*, to divers credible and competent witnesses shewed the beginning of the said tract of land called *Spanish Oak Bottom*, at the place where the same was located by the defendant, and had not held or occupied the said land as located by the plaintiff.

CHASE, Ch. J.(a). The court are of opinion, that the declarations and shewings of *Stephen Onion*, last mentioned, as to the beginning of the tract of land as located by the defendant, are not legal evidence to the jury for the purpose intended, under the general rule that no one can give evidence for himself. The defendant excepted.

*Hall, Key, Mason* and *Johnson*, for the Plaintiff.

*Martin*, (Attorney General,) and *Hollingsworth*, for the Defendant.

(a) *Done* and *Sprigg*, J. concurred.